IZA B. HUMM, a feme sole, v. PRESTON S. BROOKS, *et ux.*

181 So. 885.

Opinion Filed June 8, 1938.

*Thos. W. McIlvain* and *L. J. Cushman,* for Appellant; No appearance for Appellees.

BUFORD, J.—The appeal here is from an order denying complainant in foreclosure suit recovery of attorneys' fees.

The record shows that the note and mortgage were made and executed to Southern Gem Corporation, a Florida corporation, on January 23, 1935; that the note was endorsed and the mortgage assigned without recourse before maturity to Iza B. Humm, a feme sole. In June, 1935, the holder of the note and assignee of the mortgage went to the place of defendants and demanded payment of semi-annual interest; defendants did not pay semi-annual interest, contending that none was due, but agreed to pay the note and mortgage on presentation by the holder and assignee thereof on maturity date thereof, the 6th day of January, 1937.

The note and mortgage were payable at the office of the original payee and grantee, No. 2395 S. W. 8th St., Miami. There is no evidence in the record showing that the note and mortgage were presented for payment at that place on

the due date thereof, or that they were deposited there subject to payment and discharge.

It is alleged in the answer, and there is proof in the record, to support the allegation that the defendants did not know the address or place of residence or location of the place of business of the holder of the note and assignee of the mortgage; that such holder and assignee agreed to present the note and mortgage at the place of business of the defendants on the 6th day of January, 1937, and that such holder and assignee failed to present said note and mortgage for payment and failed to make any further demand for payment prior to the institution of the suit. Conflicts, if any, in the evidence were resolved by the Chancellor in favor of the defendants.

We find on examination of the entire record, that it is not clearly made to appear that the Chancellor committed reversible error in the entry of the decree complained of. Therefore, it should be, and is, affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.